**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HALSTON GIBSON,**
5062 G Street SE
Washington, D.C. 20019

        **Plaintiff,**

  **v.**

**GABLES RESIDENTIAL SERVICES, INC.,**
3399 Peachtree Road, NE
Suite 600
Atlanta, GA 30326

        **Defendant.**

Civil Action No. _____

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Gables Residential Services, Inc. ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the case styled *Halston Gibson v. Gables Residential Services, Inc.*, Case No. 2021 CA 003575 B, currently pending in the Superior Court of the District of Columbia, Civil Division (the "Superior Court Action"), to the United States District Court for the District of Columbia.  As grounds, Defendant states as follows:

1.      On or about October 5, 2021, Plaintiff filed a Complaint with the Superior Court for the District of Columbia, Civil Division, initiating the Superior Court Action. Plaintiff's Complaint alleges violation of the D.C. Human Rights Act, D.C. Code §§ 2-1401.01, *et seq*. (the "DCHRA").

2.      Defendant was served with a copy of the Complaint on or about October 19, 2021.

3.      Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days after service of summons upon it.

4.      Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of each paper filed or served in the Superior Court Action is attached as Exhibit A.  No further proceedings have occurred in the Superior Court Action.

5.      Written notice of the removal to Federal Court of the Superior Court Action is being provided to Plaintiff herewith, as required by 28 U.S.C. § 1446(d).

6.      A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, as required by law.

### Removal Is Proper Based Upon Diversity Jurisdiction

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.  Specifically, the facts supporting diversity jurisdiction are set forth below.

**A.      Diversity of Citizenship**

8.      "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2007) (quotations and citations omitted).

9.      Plaintiff alleges in her Complaint that she is a resident of Washington D.C. (Compl. ¶ 13.; *see also* Compl. at p. 1 (caption identifies Plaintiff's address as 5062 G Street SE, Washington, D.C. 20019).)

10.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11.     Defendant is a Texas corporation. (*See* Decl. of Dawn Severt at ¶2, attached hereto as Exhibit B.)  Defendant has its principal place of business in Georgia. (*Id*. at ¶3.)

12.     As this Circuit recognized, the nerve-center test, as laid out by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is the proper test for determining a corporation's principal place of business.  To determine a company's principal place of business, courts look at:

> the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 23 (D.C. 2016) (quoting *Hertz*, 559 U.S. at 92-93).

13.     The majority of Defendant's corporate employees are located in Georgia, and Defendant's headquarters are located in Georgia. (Exh. B at ¶¶4, 6.) Defendant's direction, control, and coordination come from its headquarters. (*Id*. at ¶7.)

14.     Complete diversity of citizenship exists between Plaintiff, a citizen of the District of Columbia, and Defendant, a corporate citizen of Texas and Georgia.

**B.     Amount in Controversy**

15.     Plaintiff has brought claims against Defendant for disability discrimination, failure to accommodate, and retaliation under the DCHRA. (*See* Compl. at ¶1.)

16.     Plaintiff has alleged damages in an amount to be "determined by the jury by trial

in excess of $10,000". (*See id*. at p. 11.)

17.     "When the court considers whether a claim meets the amount in controversy requirement, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Hunter v. District of Columbia,* 384 F.Supp.2d 257, 260 (D.D.C. 2005). Here, Plaintiff has alleged damages in an amount to be "determined by the jury by trial in excess of $10,000". (*See* Compl. at p. 11.) However, a district court in this Circuit has treated such alleged damages as "one that does not specify the amount of damages." *See Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014) (finding similar language indicated that the sum was intended to "be a floor, not a benchmark for the amount of recovery."). "Where a state- or local-court complaint seeks an unspecified amount of damages, the defendant must, to justify removal to federal court, establish the amount in controversy by a preponderance of the evidence." *Mostofi v. Network Capital Funding Corp.,* 798 F.Supp.2d 52, 55 (D.D.C. 2011).

18.     In her Complaint, Plaintiff seeks declaratory judgment; full back pay and benefits; damages including "compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses"; punitive damages; and attorney's fees and costs. (*Id.*)

19.     Under the DCHRA, a Plaintiff may recover, among other things, an order prohibiting violation of that act; compensation for lost wages, benefits, and other remuneration; compensatory damages; attorneys' fees and costs; and punitive damages. *See Jean-Baptiste v. D.C.*, 931 F. Supp. 2d 1, 15 (D.D.C. 2013) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action ... for damages and such other remedies as may be appropriate.... The court may grant any relief it deems appropriate....") (quoting D.C. Code § 2–1403.16); *see also* D.C. Code Ann. § 2-1403.07; D.C. Code Ann. § 2-

1403.13; *Green v. Am. Broadcasting Companies, Inc.*, 647 F. Supp. 1359, 1366 (D.D.C. 1986).

20.     The amount at issue for removal may not be susceptible to precise measurement. The fact that a plaintiff can potentially be awarded back pay/front pay damages, thousands of dollars in compensatory damages surrounding the alleged discrimination or other injuries, punitive damages, and attorneys' fees and costs must be considered in determining the jurisdictional amount of a claim. *See generally Parker-Williams*, 53 F. Supp. 3d 149.

21.     Plaintiff has prayed for an award of full back pay and benefits, which are available under the DCHRA. *See Jean-Baptiste v. D.C.*, 958 F. Supp. 2d 37, 44 (D.D.C. 2013). Courts will award back pay from the date of termination through the date of judgment. *See Fogg v. Gonzales,* 492 F.3d 447, 454 (D.C. Cir. 2007) (affirming a district court's grant of back pay to the date of judgment and citing cases approving similar awards).

22.     Here, prior to her termination, Plaintiff was employed full-time as an Assistant Community Manager.  (*See* Compl. ¶ 22.)   In 2019, her last full year of employment with Defendant, Plaintiff's gross earnings were $70,818.58. (*See* Decl. of Patti Ney at ¶2, attached hereto as Exhibit C).   Plaintiff's average weekly earnings were $1,361.90 ($70,818.58 total annual earnings / 52 weeks = $1,361.90 earnings per week).

23.     Plaintiff was terminated on July 23, 2020.  (*See* Compl. ¶ 74). Accordingly, her lost wages to date are approximately $91,247.30 (67 weeks since resignation x $1,361.90 weekly earnings = $91,247.30).[1]  By the time of trial – at least one year from now – those lost wages will

---

[1] Plaintiff's counsel has represented that Plaintiff is currently employed and has been mitigating her lost wages; however, her employment status has not been verified and thus any mitigation efforts have not been included in this calculation.

likely exceed $162,066.10. As such, Plaintiff's back pay alone satisfies the amount in controversy requirement.[2]

24.     Plaintiff is also seeking compensatory damages and, if Defendant is found liable, she may be entitled to recover damages for, amongst other things, emotional distress and mental anguish. *See* D.C. Code § 2–1403.16; D.C. Code Ann. § 2-1403.13. Compensatory damages alone may be sufficient to cross the $75,000 threshold. *Pietrangelo v. Refresh Club, Inc.*, No. 18-CV-1943 (DLF), 2019 WL 2357379, at *7 (D.D.C. June 4, 2019) (citations omitted); *see also Parker-Williams*, 53, F. Supp. 3d at 152-53 (noting the DCHRA allows for the award of non-pecuniary compensatory damages, which has exceeded the $75,000 jurisdictional threshold and citing exemplary cases with awards in excess of $75,000). Accordingly, Plaintiff's claim for compensatory damages places the amount in controversy in excess of $75,000.00.

25.     Additionally, Plaintiff's request for attorneys' fees and costs must be taken into account when calculating the amount in controversy. *See Parker-Williams*, 53, F. Supp. 3d at 153. Indeed, when statutes such as the DCHRA provide for the recovery of attorney's fees, such fees may be counted towards establishing the amount in controversy. *Srour v. Barnes,* 670 F. Supp. 18, 22 n. 3 (D.D.C.1987). The DCHRA has specific provisions authorizing the award of

---

[2] Additionally, Plaintiff made a demand to settle this matter in connection with a mediation in November 2020 conducted by the Equal Employment Opportunity Commission. Plaintiff estimated her damages from July 2020 through November 2020 were approximately $142,629.00, broken down as follows: back pay: $17,681.20; front pay: $47,447.80; compensatory damages: $75,000.00; and attorneys' fees: $2,500.00. (Decl. of Patrick Clark, at ¶2, attached hereto as Exhibit D.) Plaintiff's settlement demand was discounted from her estimated damages but still remained in excess of the jurisdictional threshold of $75,000.00. (*Id.* at ¶3.) *Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 33 (D.D.C. 2014) (noting the rationale of other circuit courts that have concluded that settlement demands could be used as evidence to calculate the amount in controversy were "well-reasoned"). In November 2021, Plaintiff revised her settlement demand which is still in excess of the jurisdictional threshold. (Exh. D, at ¶4.)

attorneys' fees to a prevailing plaintiff. *See* D.C. Code § 2–1403.13(a)(1)(E); *see also Parker-Williams*, 53 F. Supp. 3d at 153 (noting that it is difficult to believe the amount in controversy could be lower than the jurisdictional threshold when attorneys' fees, even when unknown, are factored in with compensatory and punitive damages). The additional consideration of attorneys' fees, in addition to compensatory and punitive damages, would push the amount in controversy well over the jurisdictional threshold.

26.     Plaintiff's request for punitive damages must also be considered when determining the jurisdictional amount, as long as those damages have "at least a colorable basis in law and fact." *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 549 (D.C. Cir. 1982). Punitive damages are considered a valid component of recovery under the DCHRA and can easily push the value of claims over the $75,000 threshold. *Pietrangelo*, 2019 WL 2357379, at *7 (acknowledging punitive damages could far exceed any award for actual damages and have historically been tethered to double, treble, and quadruple damages); *see, e.g., McCormick v. District of Columbia*, 554 F. Supp. 640, 649 (D.D.C.1982); *Zaytoun v. Embassy Row Hotel, Inc.*, No. 6744–83, slip op. at 61 (D.C. Super. Ct. June 21, 1985) (punitive damages are "important tool" for achieving the Act's objectives), appeal dismissed (D.C. Oct. 9, 1986), quoted in *Green*, 647 F. Supp. at 1366. Thus, the addition of punitive damages to Plaintiff's claim for lost wages, compensatory damages, and attorneys' fees would certainly exceed the threshold necessary to remove this matter to this Court.

27.     Finally, Plaintiff's request for declaratory judgment must be considered in determining whether the amount in controversy has met the jurisdictional threshold. *See Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978) (in valuing declaratory and injunctive relief for purposes of the amount-in-controversy requirement, courts may look to "the value of the

right that plaintiff seeks to enforce or to protect" or to "the cost to the defendants to remedy the alleged [legal violation]"). Accordingly, the value of the right that Plaintiff is seeking to protect and the prospect of changing Defendant's practices and policies to conform to the DCHRA must also be considered and valued in assessing Plaintiff's claims. *See D.C. v. Patterson*, 667 A.2d 1338, 1344 (D.C. 1995) ("This is no less true of a declaratory judgment . . . [t]he real value of the judicial pronouncement . . . is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*")

28.     Accordingly, the computation of Plaintiff's monetary damages for lost wages, compensatory damages, attorneys' fees, punitive damages, and declaratory judgment far exceeds the jurisdictional threshold of $75,000.00 for purposes of diversity jurisdiction.

29.     Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia.  *See* Defendant's Notice of Filing Notice of Removal attached hereto as Exhibit E.

30.     By removing this matter, Defendant does not waive or intend to waive any defenses.

## **CONCLUSION**

WHEREFORE, Defendant files this Notice of Removal and respectfully requests that this Court exercise original jurisdiction over this action so that the entire court action *Halston Gibson v. Gables Residential Services, Inc.*, Civil Action Number 2021 CA 003575 B, now pending in the Superior Court for the District of Columbia, is removed to this Court for all further proceedings.

Dated:  November 9, 2021              Respectfully submitted,

                                     OGLETREE, DEAKINS, NASH,
                                     SMOAK & STEWART, P.C.


                                     */s/ D'Ontae D. Sylvertooth*
                                     D'Ontae D. Sylvertooth, DC Bar No. 1644187
                                     1909 K Street, N.W., Suite 1000
                                     Washington, D. C.  20006
                                     Tel:  (202) 887-0855
                                     Fax:  (202) 887-0866
                                     dontae.sylvertooth@ogletree.com

                                     Patrick F. Clark, Georgia Bar No. 170110
                                      (*Pro Hac* Motion to be Filed)
                                     Gregory Y. Shin, Georgia Bar No. 446452
                                      (*Pro Hac* Motion to be Filed)

                                     One Ninety One Peachtree Tower
                                     191 Peachtree St. NE, Suite 4800
                                     Atlanta, GA  30303
                                     Tel.: 404.881.1300
                                     Facsimile:   404.870.1732
                                     patrick.clark@ogletree.com
                                     gregory.shin@ogletree.com


                                     *Attorneys for Defendant Gables Residential Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's CM/ECF filing system on this 9th day of November, 2021, with a copy served by electronic mail and United States mail, postage prepaid to:

Shomar M. Searchwell, DC Bar 1738790
Jeremy Greenberg, DC Bar 1024226
Denise M. Clark, DC Bar 420480
Clark Law Group, PLLC
1100 Connecticut Ave. N.W., Suite 920
Washington, DC  20036
Tel.:  (202) 293-0015
ssearchwell@benefitcounsel.com
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/ D'Ontae D. Sylvertooth*
D'Ontae D. Sylvertooth, DC Bar No. 1644187
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D. C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
dontae.sylvertooth@ogletree.com

*Attorney for Defendant Gables Residential Services, Inc.*

49175993.3