# EXHIBIT A

Filed
D.C. Superior Court
10/05/2021 11:29AM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| HALSTON GIBSON<br>5062 G Street SE<br>Washington, DC 20019 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) |
| GABLES RESIDENTIAL SERVICES, INC<br>3399 Peachtree Road NE,<br>Suite 600<br>Atlanta, GA 30326 | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiff Halston Gibson ("Plaintiff" or "Ms. Gibson") through her attorneys, Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to the Gables Residential Services ("Defendant" or "Gables") for unlawful discrimination, failure to accommodate, and retaliation against Ms. Gibson in violation of the District of the Columbia Human Rights Act ("Human Rights Act"), D.C. Code § 2-1401.01 *et seq.*

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Pursuant to the Human Rights Act, D.C. Code § 2-1403.16, this Court has subject matter jurisdiction over this civil action because this action is being brought within the one-year tolled statute of limitations period set out in the Human Rights Act.

4. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

5. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

6. Venue is appropriate because Defendant's place of business is in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendant's actions occurred in the District of Columbia.

## ADMINISTRATIVE TOLLING

7. On August 20, 2020, Plaintiff submitted a charge of disability discrimination and retaliation with U.S. Equal Employment Opportunity Commission.

8. Plaintiff amended her charge on January 8, 2021.

9. Plaintiff's charges were cross-filed with the D.C. Office of Human Rights.

10. On or around July 7, 2021, Plaintiff was issued a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

11. Plaintiff's claims under the Human Rights Act have been tolled during the pendency of her case with the U.S. Equal Employment Opportunity Commission.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff is a resident of Washington, DC and a former employee of Defendant.

14. Defendant is Georgia corporation that owns and operates multi-family apartment communities across the United States.

15. Defendant operates multiple apartment buildings in Washington, DC.

16. Defendant is an employer within the meaning of the Human Rights Act, D.C. Code 2-1401.02(10).

## FACTS

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Ms. Gibson Has a Disability

18. Ms. Gibson has lupus.

19. Lupus is a chronic autoimmune disease that substantially impairs the functioning of Ms. Gibson's immune system.

20. Ms. Gibson's lupus is a disability under the Human Rights Act.

### Ms. Gibson's Office Space

21. Defendant operates The Berkshire apartment complex in Washington, DC.

22. Ms. Gibson was hired on October 22, 2018, as an Assistant Community Manager at The Berkshire in Washington, DC.

23. Ms. Gibson worked in the Community Management office in The Berkshire.

24. Ms. Gibson shared this office with her supervisor, Jose Alvarado.

25. This office included a kitchen that Defendant's employees used.

26. To access the kitchen, employees needed to walk through Ms. Gibson's workspace.

### Ms. Gibson's Requests for Accommodation

27. In early 2020, the novel coronavirus ("COVID-19") outbreak was raging in the United States and the District of Columbia.

28. Plaintiff's lupus and lupus treatment depresses her immune system, making her vulnerable to viruses such as COVID-19.

29. Plaintiff's healthcare provider suggested that Ms. Gibson limit her exposure to others as much as possible to prevent her risk of COVID-19 exposure due to her vulnerable immune system.

30. On or around March 16, 2020, Plaintiff emailed Mr. Alvarado and Christina Borchers, Regional Community Manager, asking to work from home as a reasonable accommodation to limit her exposure to others due to her increased risk of contracting COVID-19 due to her lupus.

31. Ms. Gibson provided a note from her treating physician recommending that she work from home because of her elevated risk of complications from COVID-19 infection.

32. Mr. Alvarado declined this request.

33. On March 17, 2020, Plaintiff offered to come to the office in the evenings, when fewer people were present, to complete outstanding tasks.

34. Mr. Alvarado denied Plaintiff's request.

35. Instead, Plaintiff was instructed to request, and after making the request was eventually placed on, "emergency leave."

36. Defendant did not suggest any alternative accommodations that would enable Ms. Gibson to perform her job.

37. Plaintiff did not want to be placed on leave, she wanted to work.

38. On April 7, 2020, Ms. Gibson received a phone call from Mr. Alvarado advising her to apply for short term disability and Family Medical Leave Act ("FMLA") leave.

39. Ms. Gibson did not want to apply for leave; therefore, on April 9, 2020, Ms. Gibson submitted another written request to Defendant to work from home as a reasonable accommodation.

4

40. On April 10, 2020, Ms. Gibson spoke by phone to Patti Ney, Regional Human Resource Manager, who denied Ms. Gibson's request for remote work and told her to instead apply for short term disability and FMLA leave.

41. On April 14, 2020, Ms. Gibson sent a written request to Philip Altschuler, Senior VP, Human Resources and Training, asking to work remotely as a reasonable accommodation for her disability.

42. In that accommodation request, Ms. Gibson stated she could perform her essential job functions while working remotely.

43. On April 17, 2020, Mr. Altschuler responded to Ms. Gibson and stated that Defendant was unable to extend the option of telework and that Defendant could instead extend to Plaintiff FMLA leave.

44. Mr. Altschuler did not provide any alternative accommodations that would enable Ms. Gibson to perform her job and did not disagree with Ms. Gibson's statement that she could perform her duties from home.

45. Defendant forced Ms. Gibson to take leave from March 18, 2020 until May 4, 2020.

46. On April 21, 2020, Ms. Ney stated that Ms. Gibson could work remotely only one day per week.

47. Ms. Ney did not explain why Ms. Gibson could only work remotely only one day per week.

48. Ms. Gibson then underwent Defendant's required training on its policies and practices related to working remotely.

49. Ms. Gibson first day of remote work after undergoing this training was May 4, 2020.

50. After being approved for remote work, Ms. Gibson was not allowed to do her work independently as she had before.

51. Rather, she had to wait for specific assignments from Mr. Alvarado.

52. The number of tasks that Mr. Alvarado assigned for one day was comparable to what Ms. Gibson normally would complete in a week.

53. On June 4, 2020, Defendant announces that it would reopen all leasing offices on June 15, 2020.

54. On June 4, 2020, Ms. Ney sent an email to Ms. Gibson asking whether she could return to work full time on-site beginning June 15, 2020, "or if you will need us to consider possible accommodations, such as allowing you to continue to work from home."

55. Ms. Gibson responded to that email on her next workday and said she would reach out to her doctor.

56. On June 13, 2020, Defendant asked for an **updated doctor's note.**

57. On June 15, 2020, when Ms. Gibson logged on to begin work, she had no assignments from her supervisor.

58. She sent an email asking for her assignments and approximately one hour later, Ms. Ney called Ms. Gibson to request the updated note from her doctor.

59. Because Ms. Gibson did not yet have the note, Ms. Ney instructed Ms. Gibson to log off work for the rest of the day.

60. On July 16, 2020, Plaintiff submitted an updated **doctor's** note that supported her continued request to work remotely.

**Ms. Gibson Could Preform Her Essential Job Functions Working Remotely**

61. Ms. Gibson's essential job functions as an Assistant Community Manager were bookkeeping, resident relations, and oversight of maintenance and leasing staff.

62. Ms. Gibson did not perform leasing duties or show spaces to prospective tenants.

63. Ms. Gibson could perform her essential job functions while working remotely.

64. Before the pandemic, Ms. Gibson primarily communicated with residents by phone and email.

65. On March 24, 2020, Defendant announced its intent that Community Managers work remotely as part of the schedule with their team due to the pandemic.

66. On March 27, 2020, Defendant announced that it would be implementing an electronic payment option for residents to remit their rent payments.

67. Ms. Gibson processed electronic payments from outside the office.

68. Ms. Gibson picked-up paper checks that were remitted to the office at specific, limited periods of the day, and processed them through a scanner at her home or alternative office location.

69. Ms. Gibson communicated with residents, maintenance staff, and leasing staff by phone, email, or by video conference.

**Ms. Gibson's Termination**

70. On the morning of July 20, 2020, when Ms. Gibson asked for her assignments for the day, Ms. Borchers advised Plaintiff that she could not work until she had a doctor's note with a return-to-work date.

71. On July 20, 2020, Ms. Ney stated by email that unless Ms. Gibson's medical provider indicated that she could return to work on-site within a "reasonable period of time," Ms. Gibson would be terminated effective July 27, 2020.

72. Ms. Ney did not explain why Plaintiff's accommodation could not continue, did not she suggest alternative accommodations, and did not state what a "reasonable period of time" meant.

73. On July 22, 2020, Ms. Gibson provided a doctor's note requesting telework until September 30, 2020, at which time the doctor stated he would reassess whether Ms. Gibson could return to in-person work.

74. Defendant terminated Ms. Gibson's employment on July 23, 2020 claiming that it could no longer accommodate her.

75. Defendant did not explain why Plaintiff's accommodation could not continue, why Plaintiff could not telework more than one day per week, and did not suggest alternative accommodations.

76. On July 24, 2020, Ms. Gibson sent an email to Defendant asking when she could retrieve her personal belongings from her office.

77. Defendant refused to let Plaintiff pick up her personal belongings and instead shipped them to Ms. Gibson's home.

78. When Ms. Gibson eventually received her belongings, most of them were broken.

## COUNT I: DISABILITY DISCRIMINATION

79. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

80. Ms. Gibson has a disability.

81. Defendant was aware of her disability.

82. Defendant terminated Ms. Gibson.

83. **Defendant's stated reason for terminating Ms. Gibson is pretext.**

84. Defendant could have accommodated Ms. Gibson.

85. Defendant terminated Ms. Gibson because of her disability.

## COUNT II: FAILURE TO ACCOMODATE

86. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

87. Ms. Gibson has a disability.

88. Defendant was aware of her disability.

89. Ms. Gibson requested accommodations for her disability, including to work remotely.

90. **Defendant denied Ms. Gibson's requests** and instead forced her to take leave for over two months.

91. Defendant later permitted Ms. Gibson to work remotely as an accommodation, but only for one day per week.

92. On July 20, 2020, Defendant **stated that unless Ms. Gibson's medical provider indicated** that she could return to work on-site within a "reasonable period of time," Ms. Gibson would be terminated effective July 27, 2020.

93. **Defendant terminated Ms. Gibson after she provided a doctor's note** requesting that Ms. Gibson telework until September 30, 2020.

94. Defendant terminated Ms. Gibson, claiming that it could not accommodate her.

95. Defendant failed to engage Ms. Gibson in the interactive process with Ms. Gibson prior to terminating her employment to see whether job restructuring, reassignment, or some other modification would allow her to continue working.

96. Defendant failed to accommodate Ms. Gibson's disability.

## COUNT III: RETALIATION

97. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

98. Plaintiff engaged in protected activities through her requests for accommodation.

99. After Ms. Gibson began to telework one day per week, she experienced hostility from her supervisor Mr. Alvarado.

100. Plaintiff had to wait for specific assignments from Mr. Alvarado rather than work independently as she had done previously.

101. The number of tasks Mr. Alvarado assigned Plaintiff for one day was comparable to what Plaintiff normally would complete in a week.

102. Mr. Alvarado's subjected Ms. Gibson to a hostile work environment because of her accommodation requests.

103. On July 20, 2020, Ms. Ney told Plaintiff that unless she could return to work on-site within a "reasonable period of time," Ms. Gibson would be terminated effective July 27, 2020.

104. Plaintiff provided the requested note on July 22, 2020.

105. Nevertheless, Defendant terminated Plaintiff's employment on July 23, 2020.

106. Defendant's stated reason for terminating Ms. Gibson is pretext.

107. Defendant could have accommodated Ms. Gibson.

108.     Defendant terminated Plaintiff because of her protected activities.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court award Plaintiff the following:

A.  Declare that Defendant's actions violated Plaintiff's rights under the Human Rights Act

to be free from unlawful discrimination, a hostile work environment, and retaliation;

B.  Award compensatory damages for emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses in an

amount to be determined by the jury by trial in excess of $10,000;

C.  Award Plaintiff full back pay and benefits;

D.  Award Plaintiff punitive damages;

E.  Award Plaintiff reasonable attorney's fees and costs for this action;

F.  Award Plaintiff pre- and post-judgment interest as may be permitted by law; and

G.  Award any other relief that this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Respectfully submitted,

/s/ Shomar M. Searchwell, Esq.
Shomar M. Searchwell, Esq. (1738790)
Jeremy Greenberg, Esq. (1024226)
Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1100 Connecticut Ave, N.W.,
Suite 920
Washington, D.C. 20036
(202) 293-0015
ssearchwell@benefitcounsel.com
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com

11

## **VERIFICATION**

Pursuant to D.C. Super. R. 9-I(e), I declare under penalty of perjury that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Oct 4, 2021

*Halston Gibson*
Halston Gibson (Oct 4, 2021 20:53 EDT)

_____                           _____
Date                                              Halston Gibson

12

# Gibson Complaint

**Final Audit Report** 2021-10-05

| | |
|---|---|
| Created: | 2021-10-04 |
| By: | Jeremy Greenberg (jgreenberg@benefitcounsel.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAPdN2Hh-ixE4PZC7OOHJ9FDBxRlWYSoAG |

## "Gibson Complaint" History

📄 Document created by Jeremy Greenberg (jgreenberg@benefitcounsel.com)
2021-10-04 - 9:01:42 PM GMT- IP address: 76.100.130.190

📧 Document emailed to Halston Gibson (hbgibson85@gmail.com) for signature
2021-10-04 - 9:02:02 PM GMT

📄 Email viewed by Halston Gibson (hbgibson85@gmail.com)
2021-10-04 - 11:50:20 PM GMT- IP address: 66.102.8.34

✍️ Document e-signed by Halston Gibson (hbgibson85@gmail.com)
Signature Date: 2021-10-05 - 0:53:10 AM GMT - Time Source: server- IP address: 96.255.105.172

⬤ Agreement completed.
2021-10-05 - 0:53:10 AM GMT

◼ **Adobe Sign**

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Halston Gibson
_____
Plaintiff

vs.

Gables Residential Services, Inc.                    Case Number  _____
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Shomar M. Searchwell
_____          _Clerk of the Court_
Name of Plaintiff's Attorney

1100 Connecticut Ave, N.W.,  Suite 920          By  _____
_____
Address                                                            Deputy Clerk
Washington, D.C. 20036
_____

(202) 293-0015                                          Date  _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화해 주십시오          የአማርኛ ትርጉም ከፈለጉ (202) 879-4828          ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Halston Gibson
_____
                                    Demandante

          contra

                                                          Número de Caso: _____
Gables Residential Services, Inc.
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Shomar M. Searchwell                                      _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

1100 Connecticut Ave, N.W., Suite 920                 Por: _____
_____
Dirección                                                              Subsecretario
Washington, D.C. 20036
_____

(202) 293-0015                                             Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202)879-4828로 전화주십시요 하십시요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Halston Gibson

Case Number: _____

vs

Date: __10/5/2021_____

Gables Residential Services, Inc.

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* <br> Shomar M. Searchwell | Relationship to Lawsuit |
|---|---|
| Firm Name: <br> Clark Law Group, PLLC | ☑ Attorney for Plaintiff <br> ☐ Self (Pro Se) |
| Telephone No.:      Six digit Unified Bar No.: <br> (202) 293-0015        1738790 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury

Demand: $_____      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

## A. CONTRACTS

### COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☑ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE            IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Shomar M. Searchwell
_____

Attorney's Signature

10/5/2021
_____

Date

Filed
D.C. Superior Court
10/05/2021 10:09AM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| HALSTON GIBSON<br>5062 G Street SE<br>Washington, DC 20019<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>GABLES RESIDENTIAL SERVICES, INC<br>3399 Peachtree Road NE,<br>Suite 600<br>Atlanta, GA 30326<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　　2021 CA 003575 B<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Halston Gibson ("Plaintiff" or "Ms. Gibson") through her attorneys, Clark Law Group, PLLC, hereby alleges as follows:

### NATURE OF ACTION

1. This is a challenge to the Gables Residential Services ("Defendant" or "Gables") for unlawful discrimination, failure to accommodate, and retaliation against Ms. Gibson in violation of the District of the Columbia Human Rights Act ("Human Rights Act"), D.C. Code § 2-1401.01 *et seq.*

### JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Pursuant to the Human Rights Act, D.C. Code § 2-1403.16, this Court has subject matter jurisdiction over this civil action because this action is being brought within the one-year tolled statute of limitations period set out in the Human Rights Act.

4. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

5. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

6. Venue is appropriate because Defendant's place of business is in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendant's actions occurred in the District of Columbia.

## ADMINISTRATIVE TOLLING

7. On August 20, 2020, Plaintiff submitted a charge of disability discrimination and retaliation with U.S. Equal Employment Opportunity Commission.

8. Plaintiff amended her charge on January 8, 2021.

9. Plaintiff's charges were cross-filed with the D.C. Office of Human Rights.

10. On or around July 7, 2021, Plaintiff was issued a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

11. Plaintiff's claims under the Human Rights Act have been tolled during the pendency of her case with the U.S. Equal Employment Opportunity Commission.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff is a resident of Washington, DC and a former employee of Defendant.

14. Defendant is Georgia corporation that owns and operates multi-family apartment communities across the United States.

15. Defendant operates multiple apartment buildings in Washington, DC.

2

16. Defendant is an employer within the meaning of the Human Rights Act, D.C. Code 2-1401.02(10).

## FACTS

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Ms. Gibson Has a Disability

18. Ms. Gibson has lupus.

19. Lupus is a chronic autoimmune disease that substantially impairs the functioning of Ms. Gibson's immune system.

20. Ms. Gibson's lupus is a disability under the Human Rights Act.

### Ms. Gibson's Office Space

21. Defendant operates The Berkshire apartment complex in Washington, DC.

22. Ms. Gibson was hired on October 22, 2018, as an Assistant Community Manager at The Berkshire in Washington, DC.

23. Ms. Gibson worked in the Community Management office in The Berkshire.

24. Ms. Gibson shared this office with her supervisor, Jose Alvarado.

25. This office included a kitchen that Defendant's employees used.

26. To access the kitchen, employees needed to walk through Ms. Gibson's workspace.

### Ms. Gibson's Requests for Accommodation

27. In early 2020, the novel coronavirus ("COVID-19") outbreak was raging in the United States and the District of Columbia.

28. Plaintiff's lupus and lupus treatment depresses her immune system, making her vulnerable to viruses such as COVID-19.

3

29. Plaintiff's healthcare provider suggested that Ms. Gibson limit her exposure to others as much as possible to prevent her risk of COVID-19 exposure due to her vulnerable immune system.

30. On or around March 16, 2020, Plaintiff emailed Mr. Alvarado and Christina Borchers, Regional Community Manager, asking to work from home as a reasonable accommodation to limit her exposure to others due to her increased risk of contracting COVID-19 due to her lupus.

31. Ms. Gibson provided a note from her treating physician recommending that she work from home because of her elevated risk of complications from COVID-19 infection.

32. Mr. Alvarado declined this request.

33. On March 17, 2020, Plaintiff offered to come to the office in the evenings, when fewer people were present, to complete outstanding tasks.

34. Mr. Alvarado denied Plaintiff's request.

35. Instead, Plaintiff was instructed to request, and after making the request was eventually placed on, "emergency leave."

36. Defendant did not suggest any alternative accommodations that would enable Ms. Gibson to perform her job.

37. Plaintiff did not want to be placed on leave, she wanted to work.

38. On April 7, 2020, Ms. Gibson received a phone call from Mr. Alvarado advising her to apply for short term disability and Family Medical Leave Act ("FMLA") leave.

39. Ms. Gibson did not want to apply for leave; therefore, on April 9, 2020, Ms. Gibson submitted another written request to Defendant to work from home as a reasonable accommodation.

4

40. On April 10, 2020, Ms. Gibson spoke by phone to Patti Ney, Regional Human Resource Manager, who denied Ms. Gibson's request for remote work and told her to instead apply for short term disability and FMLA leave.

41. On April 14, 2020, Ms. Gibson sent a written request to Philip Altschuler, Senior VP, Human Resources and Training, asking to work remotely as a reasonable accommodation for her disability.

42. In that accommodation request, Ms. Gibson stated she could perform her essential job functions while working remotely.

43. On April 17, 2020, Mr. Altschuler responded to Ms. Gibson and stated that Defendant was unable to extend the option of telework and that Defendant could instead extend to Plaintiff FMLA leave.

44. Mr. Altschuler did not provide any alternative accommodations that would enable Ms. Gibson to perform her job and did not disagree with Ms. Gibson's statement that she could perform her duties from home.

45. Defendant forced Ms. Gibson to take leave from March 18, 2020 until May 4, 2020.

46. On April 21, 2020, Ms. Ney stated that Ms. Gibson could work remotely only one day per week.

47. Ms. Ney did not explain why Ms. Gibson could only work remotely only one day per week.

48. Ms. Gibson then underwent Defendant's required training on its policies and practices related to working remotely.

49. Ms. Gibson first day of remote work after undergoing this training was May 4, 2020.

50. After being approved for remote work, Ms. Gibson was not allowed to do her work independently as she had before.

51. Rather, she had to wait for specific assignments from Mr. Alvarado.

52. The number of tasks that Mr. Alvarado assigned for one day was comparable to what Ms. Gibson normally would complete in a week.

53. On June 4, 2020, Defendant announces that it would reopen all leasing offices on June 15, 2020.

54. On June 4, 2020, Ms. Ney sent an email to Ms. Gibson asking whether she could return to work full time on-site beginning June 15, 2020, "or if you will need us to consider possible accommodations, such as allowing you to continue to work from home."

55. Ms. Gibson responded to that email on her next workday and said she would reach out to her doctor.

56.  On June 13, 2020, Defendant asked for an **updated doctor's note.**

57. On June 15, 2020, when Ms. Gibson logged on to begin work, she had no assignments from her supervisor.

58. She sent an email asking for her assignments and approximately one hour later, Ms. Ney called Ms. Gibson to request the updated note from her doctor.

59. Because Ms. Gibson did not yet have the note, Ms. Ney instructed Ms. Gibson to log off work for the rest of the day.

60. On July 16, 2020, Plaintiff submitted an updated **doctor's** note that supported her continued request to work remotely.

**Ms. Gibson Could Preform Her Essential Job Functions Working Remotely**

61. Ms. Gibson's essential job functions as an Assistant Community Manager were bookkeeping, resident relations, and oversight of maintenance and leasing staff.

62. Ms. Gibson did not perform leasing duties or show spaces to prospective tenants.

63. Ms. Gibson could perform her essential job functions while working remotely.

64. Before the pandemic, Ms. Gibson primarily communicated with residents by phone and email.

65. On March 24, 2020, Defendant announced its intent that Community Managers work remotely as part of the schedule with their team due to the pandemic.

66. On March 27, 2020, Defendant announced that it would be implementing an electronic payment option for residents to remit their rent payments.

67. Ms. Gibson processed electronic payments from outside the office.

68. Ms. Gibson picked-up paper checks that were remitted to the office at specific, limited periods of the day, and processed them through a scanner at her home or alternative office location.

69. Ms. Gibson communicated with residents, maintenance staff, and leasing staff by phone, email, or by video conference.

**Ms. Gibson's Termination**

70. On the morning of July 20, 2020, when Ms. Gibson asked for her assignments for the day, Ms. Borchers advised Plaintiff that she could not work until she had a doctor's note with a return-to-work date.

71. On July 20, 2020, Ms. Ney stated by email that unless Ms. Gibson's medical provider indicated that she could return to work on-site within a "reasonable period of time," Ms. Gibson would be terminated effective July 27, 2020.

72. Ms. Ney did not explain why Plaintiff's accommodation could not continue, did not she suggest alternative accommodations, and did not state what a "reasonable period of time" meant.

73. On July 22, 2020, Ms. Gibson provided a doctor's note requesting telework until September 30, 2020, at which time the doctor stated he would reassess whether Ms. Gibson could return to in-person work.

74. Defendant terminated Ms. Gibson's employment on July 23, 2020 claiming that it could no longer accommodate her.

75. Defendant did not explain why Plaintiff's accommodation could not continue, why Plaintiff could not telework more than one day per week, and did not suggest alternative accommodations.

76. On July 24, 2020, Ms. Gibson sent an email to Defendant asking when she could retrieve her personal belongings from her office.

77. Defendant refused to let Plaintiff pick up her personal belongings and instead shipped them to Ms. Gibson's home.

78. When Ms. Gibson eventually received her belongings, most of them were broken.

## COUNT I: DISABILITY DISCRIMINATION

79. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

80. Ms. Gibson has a disability.

81. Defendant was aware of her disability.

82. Defendant terminated Ms. Gibson.

83. **Defendant's stated reason for terminating Ms. Gibson is pretext.**

84. Defendant could have accommodated Ms. Gibson.

85. Defendant terminated Ms. Gibson because of her disability.

## COUNT II: FAILURE TO ACCOMODATE

86. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

87. Ms. Gibson has a disability.

88. Defendant was aware of her disability.

89. Ms. Gibson requested accommodations for her disability, including to work remotely.

90. **Defendant denied Ms. Gibson's requests** and instead forced her to take leave for over two months.

91. Defendant later permitted Ms. Gibson to work remotely as an accommodation, but only for one day per week.

92. On July 20, 2020, Defendant **stated that unless Ms. Gibson's medical provider indicated** that she could return to work on-site within a "reasonable period of time," Ms. Gibson would be terminated effective July 27, 2020.

93. **Defendant terminated Ms. Gibson after she provided a doctor's note** requesting that Ms. Gibson telework until September 30, 2020.

94. Defendant terminated Ms. Gibson, claiming that it could not accommodate her.

95. Defendant failed to engage Ms. Gibson in the interactive process with Ms. Gibson prior to terminating her employment to see whether job restructuring, reassignment, or some other modification would allow her to continue working.

96. Defendant failed to accommodate Ms. Gibson's disability.

## COUNT III: RETALIATION

97. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

98. Plaintiff engaged in protected activities through her requests for accommodation.

99. After Ms. Gibson began to telework one day per week, she experienced hostility from her supervisor Mr. Alvarado.

100.     Plaintiff had to wait for specific assignments from Mr. Alvarado rather than work independently as she had done previously.

101.     The number of tasks Mr. Alvarado assigned Plaintiff for one day was comparable to what Plaintiff normally would complete in a week.

102.     Mr. Alvarado's subjected Ms. Gibson to a hostile work environment because of her accommodation requests.

103.     On July 20, 2020, Ms. Ney told Plaintiff that unless she could return to work on-site within a "reasonable period of time," Ms. Gibson would be terminated effective July 27, 2020.

104.     Plaintiff provided the requested note on July 22, 2020.

105.     Nevertheless, Defendant terminated Plaintiff's employment on July 23, 2020.

106.     Defendant's stated reason for terminating Ms. Gibson is pretext.

107.     Defendant could have accommodated Ms. Gibson.

108.     Defendant terminated Plaintiff because of her protected activities.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court award Plaintiff the following:

A.  Declare that Defendant's actions violated Plaintiff's rights under the Human Rights Act

to be free from unlawful discrimination, a hostile work environment, and retaliation;

B.  Award compensatory damages for emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses in an

amount to be determined by the jury by trial in excess of $10,000;

C.  Award Plaintiff full back pay and benefits;

D.  Award Plaintiff punitive damages;

E.  Award Plaintiff reasonable attorney's fees and costs for this action;

F.  Award Plaintiff pre- and post-judgment interest as may be permitted by law; and

G.  Award any other relief that this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Respectfully submitted,

/s/ Shomar M. Searchwell, Esq.
Shomar M. Searchwell, Esq. (1738790)
Jeremy Greenberg, Esq. (1024226)
Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1100 Connecticut Ave, N.W.,
Suite 920
Washington, D.C. 20036
(202) 293-0015
ssearchwell@benefitcounsel.com
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com

11

## **VERIFICATION**

Pursuant to D.C. Super. R. 9-I(e), I declare under penalty of perjury that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Oct 4, 2021

_Halston Gibson_
Halston Gibson (Oct 4, 2021 20:53 EDT)

_____                              _____
Date                                              Halston Gibson

12

# Gibson Complaint

**Final Audit Report** 2021-10-05

| | |
|---|---|
| Created: | 2021-10-04 |
| By: | Jeremy Greenberg (jgreenberg@benefitcounsel.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAPdN2Hh-ixE4PZC7OOHJ9FDBxRIWYSoAG |

# "Gibson Complaint" History

Document created by Jeremy Greenberg (jgreenberg@benefitcounsel.com)
2021-10-04 - 9:01:42 PM GMT- IP address: 76.100.130.190

Document emailed to Halston Gibson (hbgibson85@gmail.com) for signature
2021-10-04 - 9:02:02 PM GMT

Email viewed by Halston Gibson (hbgibson85@gmail.com)
2021-10-04 - 11:50:20 PM GMT- IP address: 66.102.8.34

Document e-signed by Halston Gibson (hbgibson85@gmail.com)
Signature Date: 2021-10-05 - 0:53:10 AM GMT - Time Source: server- IP address: 96.255.105.172

Agreement completed.
2021-10-05 - 0:53:10 AM GMT

**Adobe Sign**

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Halston Gibson
_____
                              Plaintiff

vs.

                                                    Case Number     2021 CA 003575 B

Gables Residential Services, Inc.
_____
                              Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Shomar M. Searchwell
_____
Name of Plaintiff's Attorney

1100 Connecticut Ave, N.W.,  Suite 920
_____
Address
Washington, D.C. 20036

(202) 293-0015
_____
Telephone

_Clerk of the Court_

By _____
                              Deputy Clerk

Date     10/13/2021
_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Halston Gibson
_____
                              Demandante

contra

                              Número de Caso:   2021 CA 003578 B

Gables Residential Services, Inc.
_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Shomar M. Searchwell
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1100 Connecticut Ave, N.W.,  Suite 920
_____   Por: _____
Dirección                                              Subsecretario
Washington, D.C. 20036

(202) 293- 0015
_____   Fecha   10/13/2021
Teléfono

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 번역을 원하시면 (202) 879-4828 로 전화 주십시오.    ኣማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                              Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Halston Gibson

Case Number: 2021 CA 003575 B

vs

Date: 10/5/2021

Gables Residential Services, Inc.

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Shomar M. Searchwell | Relationship to Lawsuit<br>☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |
| Firm Name:<br>Clark Law Group, PLLC | |
| Telephone No.:          Six digit Unified Bar No.:<br>(202) 293-0015            1738790 | |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     ☐ 12 Person Jury

Demand: $_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge:_____   Calendar #:_____

Case No.:_____   Judge:_____   Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty           ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument        ☐ 27 Insurance/Subrogation                    ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                    Over $25,000 Pltf. Grants Consent              Over $25,000 Consent Denied
☑ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                    ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees              Under $25,000 Pltf. Grants Consent            Under $25,000 Consent Denied
                                                       ☐ 28 Motion to Confirm Arbitration
                                                               Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                     ☐ 03 Destruction of Private Property     ☐ 05 Trespass
☐ 02 Conversion                     ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy                ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection      ☐ 11 Libel and Slander                          Not Malpractice)
☐ 03 Assault and Battery          ☐ 12 Malicious Interference            ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury  ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal                  ☐ 20 Friendly Suit
☐ 06 False Accusation             ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                    ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                                  Not Malpractice)                        ☐ 23 Tobacco
                                                                                           ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
　　(DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
　　(D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
　　Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
　　Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
　　Judgment [ D.C. Code §
　　2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
　　42-3301, et seq.)

☐ 21 Petition for Subpoena
　　[Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
　　(Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Shomar M. Searchwell
_____
Attorney's Signature

10/5/2021
_____
Date

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

HALSTON GIBSON
    Vs.                                             C.A. No.         2021 CA 003575 B
GABLES RESIDENTIAL SERVICES, INC.

## INITIAL ORDER AND ADDENDUM

### Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:     October 7, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, January 07, 2022
Location:   Courtroom 100
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.   The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:  (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> ❋ *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE**:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).**  After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

Filed
**D.C. Superior Court
10/22/2021 15:42PM
Clerk of the Court**

# IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

HALSTON GIBSON            )
                            )
        Plaintiff,      )        2021 CA 003575 B
                            )        Judge Fern Flanagan Saddler
        v.            )
                            )
GABLES RESIDENTIAL SERVICES, INC.)
                            )
        Defendant.    )
                            )

## DECLARATION OF SERVICE

Pursuant to D.C. Sup. Ct. R. Civ. P. 4(*l*), I swear under penalty of perjury:

1. My name is Jeremy Greenberg.

2. I am above the age of eighteen years old.

3. On October 13, 2021, I caused to be deposited in the United States Mail a copy of the Complaint, Summons, Civil Division-Civil Actions Branch Information Sheet, Initial Order and Addendum, and Civil Remote Hearing Instructions for Participants for the above captioned case, certified mail, postage prepaid, return receipt requested and addressed to the registered agent of Gables Residential Services, Inc., Corporation Services Company, at the following address: 1090 Vermont Ave NW, Suite 430, Washington, DC 20005.

4. The mailing was sent via certified mail with tracking number 7018 0360 0002 1272 5422.

5. The tracking info and return receipt (attached hereto) indicates that delivery of the above referenced documents was made on October 19, 2021.

1

Dated: October 22, 2021

Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (1024226)
Clark Law Group, PLLC
1100 Connecticut Ave, N.W.,
Suite 920
Washington, D.C. 20036
(202) 293-0015
jgreenberg@benefitcounsel.com

2

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
Registered Agent of
Gables Residential Services, Inc.
1090 Vermont Ave NW
#430
Washington, DC 20005

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 4894 9032 8294 95

2. Article Number (Transfer from service label)

7018 0360 0002 1272 5422

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Kimberly Ea_l        10/19/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  ($ over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™

PS Form 3811, July 2015 PSN 7530-02-000-9053